33926. LOCKLEAR *v.* THE STATE.

Decided February 19, 1952.

*Hicks & Culbert,* for plaintiff in error.
*Chastine Parker, Solicitor,* contra.

GARDNER, J. The sole question for decision here is, did the court err in denying to the defendant a new trial, in that the evidence demanded a finding by the jury that the defendant did not have in this truck and was not transporting spirituous and intoxicating liquors, but that he had a preparation of alcohol and turpentine to be used in thinning certain paints preparatory to painting, which the evidence showed without dispute the defendant had purchased, and it appearing that he was at the time actually engaged in doing some painting for himself. While there was evidence from which the jury would have been authorized to find that the defendant had in his possession in

this truck on the occasion in question some alcohol, mixed with turpentine, which he had purchased at a paint supply store, and which was being used by him at that time, and that this was the liquid found in the truck driven by the defendant, and which the officers claimed was moonshine corn liquor—the evidence did not demand such a finding by the jury. There was ample evidence that at the time the defendant was stopped by the officers and arrested he had in the truck moonshine corn whisky, which liquor had some turpentine mixed therein. Under the evidence, the jury were authorized to find, as the jury did, that the large or wide-mouth jug contained corn whisky, which was moonshine and on which no State tax had been paid, and that turpentine had been poured into this jug probably just before the whisky was taken from the defendant's truck by the police officers. Therefore, the verdict finding the defendant guilty of having and transporting intoxicating liquor in this truck was not without evidence to support it and was not contrary to law, but was supported by the evidence. While a verdict in favor of the defendant would have been authorized, it was not demanded under the facts here.

It follows that the trial judge did not err in overruling the defendant's motion for a new trial which was based solely on the general grounds.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*